IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ARTEZ OLIVER                                                                                   PLAINTIFF
ADC #153539

v.                                              1:17cv00102-KGB-JJV

TONI BRADLEY, Warden,
Grimes Unit, ADC; *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Artez Oliver ("Plaintiff") is incarcerated at the Grimes Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he has been mistreated out of retaliation and for racially motivated reasons. (*Id*. at 4.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

Plaintiff alleges he has been mistreated, subjected to cruel and unusual punishment, and retaliated against in the form of rude and unprofessional behavior on the part of Defendants. (Doc. No. 2 at 4.) He suggests Defendants' conduct is racially motivated. (*Id*.) His only specific allegation is that Defendants' "co-workers" failed to "release all [his] property" and "don't want to sign or pick up [his] mail." (*Id*.) Plaintiff seeks $25,000 in damages and a transfer to another unit. (*Id*. at 5.)

As I noted in a prior Order (Doc. No. 3), Plaintiff's Complaint fails to state a claim upon which relief may be granted. He does not mention any of the named Defendants in his "Statement of claim" or explain their connection to his allegations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights. *See, e.g.*, *Dockery v. City of Garland*, 2011 WL 1167082, Case No. 4:10CV04071-HFB-JRM, at 2 (W.D. Ark. 2011).

3

Plaintiff's most specific allegation concerning his property and mail is levied against Defendants' "co-workers" rather than Defendants themselves. As for his more general allegations, rudeness and unprofessionalism are not constitutional deprivations. Even verbal threats and name calling are not actionable under § 1983. *See, e.g.*, *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Martin*, 780 F.2d at 1338.

Although retaliatory conduct in response to the exercise of a constitutionally protected right is actionable, Plaintiff's allegations are insufficient. *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001). To demonstrate retaliation, a plaintiff must show (1) he engaged in a protected activity; (2) defendants responded with adverse action that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Spencer v. Jackson Cty., Mo.*, 738 F.3d 907, 911 (8th Cir. 2013). Plaintiff fails to allege any of these required elements.

I offered Plaintiff an opportunity to amend his Complaint to cure these deficiencies (Doc. No. 3 at 4-5), but he has not done so in the time allowed. His Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

      3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 14th day of December, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."